## CHARLESTON.

FRY *et al. v.* CAMPBELL'S CREEK COAL Co.

Submitted January 17, 1893.—Decided February 1, 1893.

RIPARIAN RIGHTS—WHARF—LANDINGS—NAVIGABLE RIVERS.
Under the laws of this State, a person may acquire such quali-
fied property in a landing or wharf on or along any of its navi-
gable streams as will entitle such person to maintain a suit for
damages against another for unlawfully or negligently obstruct-
ing or injuring the same.

TOMLINSON & WILEY and HOGG & BELLER for plaintiffs in
error cited 22 W. Va. 52; 29 W. Va. 324; 1 Am. & Eng.
Ency. L. 174, 175.

KNIGHT & COUCH for defendant in error cited 22 W. Va.
52; 29 W. Va. 314; Id. 522.

DENT, JUDGE:

This is an action on the case, instituted by H. Fry &
Sons against the Campbell's Creek Coal Company, for
damages done to the plaintiffs, claiming to be the owners
of a certain landing or harbor situated on the south side of
the Great Kanawha river. The defendant demurred to
the declaration on the sole ground that the plaintiff could
not have such ownership in a landing or harbor along such
river, a navigable river being a public highway, as would
entitle them to maintain a suit for damages done thereto.
The Circuit Court sustained the demurrer and dismissed
the suit, and the plaintiffs applied for and obtained a writ
of error.

For the purposes of the demurrer every material allega-
tion of the declaration must be taken to be true. Owner-
ship in the plaintiffs is plainly alleged, and also negligence
on the part of the defendant. Chapter 43, ss. 40, 41, of
the Code, provides for the establishment of such necessary
aids to navigation outside of incorporated cities, towns, and
villages, and even at a place where a public landing is al-

ready in use. Therefore there can be no question, that, while there can be no adverse or absolute ownership against the State, yet there may be such a qualified property acquired under the laws of the State in such landing, as will give the qualified owner thereof the right to maintain an action for damages against a wrongdoer who may unlawfully cause injury to the same; otherwise the proper navigation of such rivers would be greatly hindered.

In what manner and whether such ownership has been acquired lawfully are matters of proof. The lawful ownership or occupancy being established, it follows, as a matter of course, that the lawful owner or occupier of such landing or wharf is entitled to the enjoyment of his property undisturbed by the unlawful, overt or negligent acts or omissions of others. Any obstruction that renders the waters adjacent to such landing unnavigable deprives the owner thereof of the use of the same, and destroys the value of his property; and if such obstructions are placed there unlawfully, either by the overt act or negligence of another, the owner is entitled to compensation for the loss of his landing, or the expense of removing such obstructions.

In the case of *Brayton* v. *City of Fall River*, 113 Mass. 218, 230, it was held: "The owner of a wharf can maintain an action for an obstruction adjoining the wharf which prevents vessels from lying at it in the accustomed manner, this being a particular damage." * * * "He has a right to the water at its natural depth." * * * "Suppose a person had tipped stones off his wharf, forming a pile which prevented any profitable use of it. It would be an obstruction to navigation, and to that extent the injury would be a common one to all the public. But the plaintiff would suffer an injury, in the hindrance of the use of his property, to which no one else would be exposed."

We therefore reach the conclusion that the Circuit Court erred in sustaining the demurrer, and for this reason the judgment is reversed, and demurrer overruled, and the case is remanded to be further proceeded in according to law.

REVERSED. REMANDED.